UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROBERT WASHINGTON, et al.,<br>            Plaintiffs, | : | Civ. No. 20-20713 (KM) (ESK) |
| | : | |
| v. | : | |
| | : | |
| MORRIS COUNTY PROSECUTOR'S OFFICE,<br>et al., | : | **OPINION** |
| | : | |
|             Defendants. | : | |
| | : | |

**KEVIN MCNULTY, U.S.D.J.**

**I.    BACKGROUND**

Pro se Plaintiff Robert Washington[1], a resident of Tully House, seeks to commence a civil rights action pursuant to 42 U.S.C. § 1983 on behalf of himself and co-Plaintiffs Deborah Jones-Washington, Derrel Jones, Michael Washington, and Demetria McKnight against various Morris County Prosecutor's Office officials, Plaintiff's attorneys, and the Superior Court judge who presided over his criminal case. (DE 1.) Plaintiff alleges, in substance, false arrest and malicious prosecution claims; specifically, that Defendants conspired to violate Plaintiff's rights by accusing him and his family members and acquaintances of involvement in drug-related crimes and pressuring them to plead guilty. (DEs 1, 5-7.) Plaintiff seeks an injunction "preventing defendants [from] further initiat[ing] official misconduct" and monetary damages. (DE 1 at 4.) Plaintiff also seeks leave to proceed *in forma pauperis* (IFP). (DE 3.) For the reasons below, I will deny the IFP application and dismiss the Complaint without prejudice.

**II.    DISCUSSION**

First, the IFP application, submitted on behalf of Robert only, is deficient. 28 U.S.C. § 1915(a)(2) requires that a prisoner seeking to proceed IFP must, in addition to an affidavit of poverty, "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal." Robert, who was confined at Bo Robinson Assessment Center between March 11 and November 23, 2020 and Tully House thereafter, provides only an uncertified statement for only August and September, 2020. (DE 1-2.) Accordingly, I will deny the IFP application.

---

[1] Except as otherwise noted, I refer only to a singular Plaintiff in the body of this order because, as discussed below, Robert Washington is the only individual who signed the Complaint and addenda and may not represent the others.

Even if I granted IFP status, the Complaint is also problematic. First, only Robert has signed the Complaint and addenda, and apparently attempts to either represent or file suit on behalf of the other Plaintiffs. "Although an individual may represent herself or himself pro se, a non-attorney may not represent other parties in federal court." *Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018). Accordingly, I will dismiss all claims other than Robert's, without prejudice as to the other Plaintiffs' right to bring their own timely actions should they so choose.

Second, to the extent that Plaintiff essentially asserts a false arrest and conviction, § 1983 actions are not the proper vehicle for challenging a conviction, only for recovering damages after the convictions have already been declared unlawful. In *Heck v. Humphrey*, the Supreme Court held that before a § 1983 plaintiff may "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" 512 U.S. 477, 486-87 (1994). *See also Bronowicz v. Allegheny Cty.*, 804 F.3d 338, 346 (3d Cir. 2015) ("'[A] prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element.'" (alteration in original) (quoting *Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009))). Absent prior invalidation, a state prisoner's § 1983 action is barred regardless of the type of relief sought. *Wilkinson v. Dotson,* 544 U.S. 74, 81–82 (2005).

"[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002). Conversely, whenever the challenge ultimately attacks the "core of habeas' —the validity of the continued conviction or the fact or length of the sentence—a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. *Leamer v. Fauver*, 288 F.3d 532, 541–42 (3d Cir. 2002).

Here, Plaintiff clearly challenges the validity of a conviction by asserting a conspiracy against him to pursue charges despite Defendants' knowledge of his innocence. The Complaint, as supplemented by three addenda (DEs 5-7), alleges that Plaintiff was arrested on March 14, 2016 and convicted of selling drugs in Dover, New Jersey upon "false evidence, false police reports, [and] false press releases" and poorly represented by public defenders. (DE 1 at 3-4; DE 5 at 2.) Plaintiff

2

alleges that there is evidence showing him to be in a Supermarket in Randolph, New Jersey when the alleged drug sale occurred. (DE 5 at 2.)

After the Complaint, Plaintiff filed four additional documents. The first is a series of pro se requests to the Appellate Division referencing a 2019 appeal. (DE 4.) It is unclear how this relates Plaintiff's allegations. The second, characterized as an addendum to the complaint, is a copy of an ethics complaint alleging a conspiracy between the Morris County Prosecutor's Office, New Jersey State Police, New Jersey Office of the Public Defender, and Morris County Superior Court. (DE 5.) The third, labeled a letter brief, provides additional details about the alleged harm to other Plaintiffs. (DE 6.) The final filing is another addendum preemptively asserting that the judge presiding over his criminal matter is not entitled to qualified immunity because the judge knowingly conspired with the other defendants to deny Plaintiff drug court on numerous occasions, and sentenced him to probation and later for a probation violation. (DE 7.)

The result of any subsequent criminal proceedings is unclear; the Complaint mentions only that "[a]s of 2019, all plaintiffs have filed Post Conviction Relief petitions challenging the facts surrounding this criminal case and complaints about the false convictions and ineffective assistance of counsel[.]" (DE 1 at 3.) What is clear, however, is that Plaintiff's complaint and addenda, as currently written, appear to challenge numerous related convictions, implying that those convictions have not been invalidated. Thus, a § 1983 action is not the proper vehicle to challenge them and this Complaint must be dismissed. To the extent, however, that I do not know the outcome of the criminal and related collateral proceedings, or that Plaintiff could conceivably still assert a related, valid civil rights claim, this dismissal is without prejudice as to Plaintiff's right to file a proper, timely complaint, or a timely habeas petition. *See, e.g., Allen v. New Jersey State Police*, 974 F.3d 497, 502 (3d Cir. 2020) (discussing what constitutes a "favorable termination" for the purposes of asserting a malicious prosecution claim).

III.   **CONCLUSION**

For the reasons above, I will deny Plaintiff's IFP application without prejudice, dismiss the Complaint without prejudice, and direct the Clerk of the Court to close the case. An appropriate order follows.

DATED: 12/20/2021

/s/ Kevin McNulty

_____

KEVIN MCNULTY
United States District Judge